## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

CARLOS SERRANO,                           )
                                          )
       **Petitioner,**                )
                                          )
**v.**                                    )       **CIVIL ACTION NO. 1:23-00055**
                                          )
**E. ROKOSKY, Warden,**                   )
                                          )
       **Respondent.**                )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's letter-form Motion to Withdraw or Dismiss Petition (Document No. 12), filed on May 12, 2023.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

### FACT AND PROCEDURE

On January 23, 2023, Petitioner, acting *pro se*, filed his Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) In his Petition, Petitioner alleges that the BOP is incorrectly calculating his earned time credit under the First Step Act. (Id.) By Order entered on January 26, 2023, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 5.) On March 22, 2023, Respondent filed a "Response to Order to Show Cause." (Document No. 9.) Respondent argues that Petitioner's Petition should be denied based upon the following: (1) Petitioner failed

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

to exhaust his administrative remedies (Id., pp. 2 – 3.); (2) Petitioner is not eligible for time credit due to having a final order of deportation entered against him (Id., pp. 3 – 5.); and (3) Petitioner's challenge to his detainer is not reviewable by the Court (Id., pp. 5 – 6.). By Order and Notice entered on March 23, 2023, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 10.) On May 12, 2023, Petitioner filed his letter-form Motion to Withdraw or Dismiss Petition. (Document No. 12.) In support, Petitioner acknowledges that he failed to exhaust his administrative remedies and that he has since started the process of exhausting. (Id.) As a result, Petitioner states that "the administration has acknowledged my request to be considered eligible for the First Step Act, and have satisfied my request resolving the issue." (Id.) Petitioner claims that he is "fully satisfied with this administration's response to my administrative process." (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp.,

819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In consideration of the first and fourth factors, the undersigned finds that Petitioner's letter-form Motion to Withdraw or Dismiss should be granted. The undersigned notes that even though Respondent has filed a Response, the record does not support a finding that Respondent has spent a considerable amount of time or expense on this case. Considering the second factor, the undersigned notes that there has been no excessive delay or lack of diligence on the part of Petitioner. Considering the third factor, Petitioner sets forth a reasonable explanation that his case should be dismissed. Petitioner acknowledges that he failed to exhaust his administrative remedies and that he recently received his requested relief via the administrative remedy process. (Document No. 12.) As stated above, a "motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes, 788 F.2d at 1036. In the instant case, there is no indication or allegation of prejudice to the Respondent. Further, it is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. Accordingly, the undersigned respectfully recommends that Petitioner's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil

action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. <u>See</u> <u>e.g.</u>, <u>Camacho v. Mancuso</u>, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## <u>PROPOSAL AND RECOMMENDATION</u>

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's letter-form Motion to Withdraw or Dismiss Petition (Document No. 12), and remove this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d

352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: May 17, 2023.

Omar J. Aboulhosn
United States Magistrate Judge